**DEL NORTE CO. v. WILKINSON, Collector of Internal Revenue (two cases).**

District Court, E. D. Wisconsin. May 1, 1928.

Nos. 1689, 1880.

Bundy, Beach & Holland, of Eau Claire, Wis., for plaintiff.

Levi H. Bancroft, U. S. Atty., of Milwaukee, Wis., for defendant.

GEIGER, District Judge. The pleadings and stipulations in these two cases present the single question whether the plaintiff was "carrying on or doing business" during or within the years June 30, 1919, to June 30, 1925, inclusive, within the meaning of Federal Capital Stock Tax Act (39 Stat. 789, 42 Stat. 294).

The corporation was organized in 1902 with broad corporate powers. Shortly after incorporation it acquired the title to timber lands in California and Oregon, which it held until 1915, when it exchanged a portion thereof for capital stock in a lumber company. Subsequently the plaintiff came to the assistance of the lumber company through a loan, which the plaintiff made out of funds realized upon the subscription and sale of its own capital stock. The details of the relations between the two companies are clearly shown, and in no aspect of the case can they be interpreted other than as efforts on the part of the plaintiff to protect its capital investment in the avails of the land exchange made in 1915, prior to any of the tax years in question. In my judgment, the stipulations in both cases, which cover all the tax years in question, leave no doubt upon this proposition: That the plaintiff's activities have been limited to holding and protecting its capital investment during the whole of the past 12 years. There is not a suggestion that during any of those years its capital was in any sense "employed," or, as we may put it, "worked," for the purpose or in the pur-

suit of profit or gain in any fair sense, or that any income, revenue, or profit, in a true sense, has been realized. The interpretation of the Tax Act in question furnishes a test which places these two cases clearly within the range of exemption.

The exemption, so it seems to me, is emphasized by the Sargent Land Company (242 U. S. 503, 37 S. Ct. 201, 61 L. Ed. 460) and Chile Copper Company (270 U. S. 452, 46 S. Ct. 345, 70 L. Ed. 678) Cases. The thought that the tax liability arises upon the mere holding of property is fully negatived by the test and its application in many cases cited by the plaintiff. The mere hope or expectation that a capital investment *may*, through increment, produce profit, is not the equivalent of "carrying on or doing business." The latter—that is, its absence—is the *condition* of exemption, and it is not to be construed as applicable only to such corporations as have suffered complete extinction, including assets and liabilities. Nor is the situation altered by the suggestion that the plaintiff is not within the exemption, because its holding of the timber lands in question during all these years may be characterized as "speculative"; for that characterization does not gainsay the fact of complete "business" *inactivity*.

The plaintiff's case seems to me clearly within the view enforced in recent cases like Cannon v. Elk Creek Lumber Co. (C. C. A.) 8 F.(2d) 996, cited by the parties, and the conclusion there reached cannot and should not be here attempted to be evaded or avoided. As the facts are all stipulated and are pertinent to the single issue, there is no need for special findings.

The plaintiff may take judgment prayed for in each of the cases.